441 P.2d 548

STATE of Arizona ex rel. Robert K. COR-
BIN, County Attorney for Mari-
copa County, Petitioner,

v.

SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA; C. Edwin Thurston, a Judge there-
of; and Loraine Kay Farrier, real party
in interest, Respondents.

No. 9217.

Supreme Court of Arizona.

In Banc.

June 5, 1968.

Robert K. Corbin, County Atty., by Ste-
phen A. Gerst, Phoenix, for petitioner.

Vernon Croaff, Public Defender, by Don
Francone, Deputy Public Defender, for re-
spondents.

BERNSTEIN, Justice.

This case is before us on a Writ of
Certiorari. The pertinent facts follow:
Loraine Kay Farrier was charged by two
separate informations with the unlawful
sale of marijuana in violation of A.R.S.
§ 36–1002.07, subsec. A. Both charges
were tried together. At the close of the
state's evidence a directed verdict of ac-
quittal was granted on one of the charges
but the included offense of possession of
marijuana on that charge was left for
the jury's consideration. Defendant again
moved for directed verdicts of acquittal
at the close of all the evidence. The trial
judge, respondent herein, reserved his rul-
ing, took the motions under advisement,
and submitted the case to the jury. Ver-
dicts of guilty were returned by the jury
on both charges. Thereafter, the trial
judge, pursuant to his reserved ruling on
the motions for directed verdict, granted
motions for acquittal on both charges and
discharged the defendant.

The state, petitioner herein, con-
tends that after the jury returned verdicts
of guilty the respondent lacked the power
to dismiss the defendant on the basis of
legally insufficient evidence. It is the
state's position that the respondent only
has the power to either sentence the de-
fendant, grant a new trial, or arrest the
judgment. As we see it, the only issue
in this case is whether the respondent
has the power to grant an acquittal of the
defendant pursuant to his reserved ruling
on defendant's motions for directed verdict
after the jury returns verdicts of guilty.

Whether the evidence is legally suf-
ficient to support a conviction has always
been a question for the court to decide.
Indeed, in State v. Schantz, 98 Ariz. 200,
205, 403 P.2d 521, 524, we said:

"* * * where the trial judge has a
conscientious conviction that all the ele-
ments of an offense have not been es-
tablished beyond a reasonable doubt * *
he has not only the right but the duty
to direct a verdict of acquittal."

In the case before us, however, the trial
judge reserved his ruling on the motions
for directed verdict and submitted the case
to the jury. We think the proper pro-
cedure for the trial court to follow is
either to rule on the motion when it is
made, or recess the jury while deciding
the legal question as to the sufficiency

of the evidence. It is obvious that where a trial judge reserves his ruling on a motion for directed verdict and the jury then returns a verdict of guilty that the court's subsequent ruling granting a motion for acquittal does not constitute a direction to the jury to return a verdict of acquittal. Rather, it represents a judgment non obstante veredicto.

In State v. Moreno, 92 Ariz. 116, 374 P.2d 872, we said that our Rules of Criminal Procedure, 17 A.R.S., do not authorize a motion for judgment of acquittal notwithstanding the verdict. However, State v. Moreno, supra, can be distinguished from the case at bar, for in Moreno the court failed to rule on the motion. Since our Rules do not specifically authorize such a motion the trial court could not be compelled to make a ruling. In any event, in Moreno we held that the evidence was sufficient to support the conviction. Nonetheless, in the furtherance of justice the court has the inherent power to dismiss a defendant who has been convicted where the evidence against him was legally insufficient. In Ex Parte United States, 101 F.2d 870, 875 (7th Cir. 1939), the court in a similar case stated:

"* * * there was no fact to be tried by the jury. The nature of the legal question involved was not altered by the jury's verdict of guilt. By virtue of the reservation, the issue of law was preserved inviolate despite the verdict of guilt * * * In fact, to allow the verdict of guilt to stand * * * is tantamount to giving permission to the jury to invade a judicial power."

We do not condone the practice of submitting a case to the jury subject to a reserved ruling on a question of law, nor do we rely on the fact that a reserved ruling preserves the court's power to dismiss a defendant for lack of sufficient evidence. Instead, we believe that it is the court's obligation to protect the innocent and discharge a defendant where the state has not presented sufficient evidence to prove its case beyond a reasonable doubt. To hold otherwise would be to condone injustice.

It is ordered that the judgment of the trial court discharging defendant is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.