519 P.2d 1137

The STATE of Arizona, Appellee,

v.

Freddie DELVECCHIO and Jesse G.
Bojorquez, Appellants.

No. 2746.

Supreme Court of Arizona,
In Banc.

March 15, 1974.

Rehearing Denied April 16, 1974.

Gary K. Nelson, Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Wood, Platt & Jenson, P. C., by Dennis D. Jenson, Coolidge, for appellants.

CAMERON, Vice Chief Justice.

This is an appeal by the defendants Freddi Delvecchio and Jesse G. Bojorquez from jury verdicts, judgments, and sentences as follows:

1. As to Freddie Delvecchio:

 1. Assault with intent to commit murder of M. O. Ramirez, § 13–248, as amended, A.R.S., §§ 13–139 and 13–140 A.R.S., and a sentence thereon of not less than ten nor more than twenty years;

 2. Assault with intent to commit murder of G. E. Montgomery, § 13–248, as amended, A.R.S., §§ 13–139 and 13–140 A.R.S., and a sentence thereon of not less than ten nor more than twenty years; and

 3. Prisoner in possession of a deadly weapon, a knife, § 31–232, as amended, A.R.S., and a sentence thereon of not less than ten nor more than twenty years.

2. As to Jesse G. Bojorquez:

 1. Assault with intent to commit murder of M. O. Ramirez, § 13–248, as amended, A.R.S., §§ 13–139 and 13–140 A.R.S., and a sentence of not less than ten nor more than fifteen years thereon;

 2. Assault with intent to commit murder of G. E. Montgomery, § 13–248, as amended, A.R.S., §§ 13–139 and 13–140 A.R.S., and a sentence thereon of not less than ten nor more than fifteen years; and

 3. Prisoner in possession of a deadly weapon, a knife, § 31–232, as amended, A.R.S., and a sentence thereon of not less than ten nor more than fifteen years.

As to both defendants, the three sentences are to be served concurrently, but to commence at the expiration of the sentences being served at the time of the commission of the offenses charged.

We must consider five questions on appeal:

1. As to the defendant Delvecchio only, did the court commit reversible error in removing Delvecchio from the courtroom while his trial was in progress?

2. Did the court commit reversible error in barring both defendants from the courtroom when the verdicts were rendered?

3. Did the court commit reversible error by forcing counsel upon defendants contrary to their desires?

4. Did the court commit reversible error when it did not allow defendants to examine additional witnesses in presenting their defense to the jury?

5. Does the evidence support the conviction of either defendant concerning their convictions for the crime of assault with intent to commit murder on the person of G. E. Montgomery?

The facts necessary for a determination of this matter on appeal are as follows. On 8 October 1972, at the Arizona State Prison in Florence, Arizona, the defendants Bojorquez and Delvecchio, as well as other inmates of the prison, were refusing to go to their individual cells within their cell block. Officers arrived on the scene and after considerable discussion the inmates dispersed and appeared to be obeying the order, but after additional officers arrived, the defendant Delvecchio told the officers they weren't ordering him anywhere and that should they try to take him or come any closer he would kill one or two of them. At this time, Delvecchio was holding a homemade knife in his right hand and waiving it towards the officers. The officers retreated and Officer Ramirez became cornered in the stairway in the cell block. The other officers were able to witness the events that occurred. Officer

Ramirez and defendant Delvecchio started fighting and Officer Ramirez was stabbed twice in his right side and three times in his left side. At about this time Bojorquez produced a knife with which he subsequently stabbed Ramirez five times. Officer Granville Montgomery testified that he was on the stairway near Officer Ramirez when Ramirez became cornered and he saw Ramirez reach to grab Delvecchio but failed to grab his hand. Officer Montgomery then grabbed Delvecchio's hand and was cut on the arm. Officer Prescott testified that both Delvecchio and Bojorquez struck Officer Montgomery.

Prior to the start of the trial, the defendants insisted on representing themselves. After much discussion the court allowed the defendants to represent themselves, but appointed two attorneys to sit in the courtroom and assist and advise the defendants during trial. On the third day of the trial, Delvecchio was excluded from the courtroom because of his conduct although he was later allowed to return. During his absence his attorney acted for him. The court later found it necessary to exclude both Delvecchio and Bojorquez and they were not present in the courtroom when the jury verdict was rendered.

Towards the end of the trial, the defendants requested permission to call additional witnesses which request was denied.

## REMOVAL OF THE DEFENDANT DELVECCHIO

On the fourth day of the trial the following transpired when the defendant Delvecchio was cross-examining a State's witness:

"Q Okay. How many years must one train to become a lieutenant?

"A Well, I'd have to look up the specs, it isn't a case of years in terms of the specifications to be a lieutenant at the State Personnel Commission, and offhand, I couldn't, under oath, answer that accurately, if I could be permitted to bring out the specifications, I would read them to you.

"THE COURT: Do you have them with you?

"THE WITNESS: No, I do not.

"MR. DELVECCHIO: I don't need that, because I know in my own mind, the words are creeping in my memory—

"THE COURT: Now, Mr. Delvecchio, just a minute. I'm going to excuse the jury from the courtroom for about 10 minutes, under the admonishions (sic) previously given.

(Whereupon, the jury was then excused from the courtroom.)

"THE COURT: How many times have I warned you this afternoon to just ask questions, Mr. Delvecchio?

Do you have any idea?

"MR. DELVECCHIO: Obviously, I am asking questions.

"THE COURT: You are arguing with the witnesses and we are not going to get anywhere as long as you keep arguing.

I have warned you and warned you about it, and I told you the next time you got out of line—is this going to be your last witness?

"MR. DELVECCHIO: No, it's not.

"THE COURT: How many more witnesses?

"MR. DELVECCHIO: I have some officers yet to call in.

"THE COURT: Well, I'm—if you will agree with me you are going to quit arguing with this witness and ask only questions, I'll permit you to finish examining him; but if you can't agree and abide by that, then, I'm going to have to send you back out of the courtroom.

Are you going to quit arguing with the witness?

"MR. DELVECCHIO: Yes, I am arguing because lies are being stated; that's the only reason that I'm arguing.

"THE COURT: Are you going to ask only questions or are you going to keep up this arguing?

"MR. DELVECCHIO: Pardon me, Your Honor.

"THE COURT: Are you going to ask only questions?

"MR. DELVECCHIO: I am going to ask questions that I know in my mind—

"THE COURT: Are these questions that are written out for you?

"MR. DELVECCHIO: I also have written them out.

"THE COURT: There is no reason that Mr. Wildermuth can't read the questions.

"MR. DELVECCHIO: No, because he doesn't know what I intend to prove.

"THE COURT: You can hand him that piece of paper you have there, if it—

"MR. DELVECCHIO: I do not want him to read what I have.

"THE COURT: The thing about it is, I am not going to permit you to harass the witness in the manner you are.

Either you will quit arguing or he's going to take over the case.

"MR. DELVECCHIO: Your Honor, I have been in prison two years and put up with their harassment.

"THE COURT: You are not going to settle—

"MR. DELVECCHIO: I'm trying to prove our innocence.

"THE COURT: You are to ask questions only related to this case and you are not to answer back to the witness or make remarks to them. That's arguing with the witness. As long as you continue to only ask questions, then, I will permit you to stay in the courtroom, but if you are not—

"MR. DELVECCHIO: All right. All right. All right.

"THE COURT: All right. Take Mr. Delvecchio from the courtroom, please.

"MR. DELVECCHIO: Let the record show that the Judge is prejudiced throughout this entire—

"THE COURT: If you want those questions asked—

"MR. DELVECCHIO: No, I don't want them asked, Your Honor.

"THE COURT: Mr.—

"MR. DELVECCHIO: No, the State has charged me, Your Honor, and the State hasn't allowed me, by refusing to go any further with my case, I'm charging that the Judge is not allowing me to properly present my testimony, he's hassled me throughout this entire trial.

Now, I refuse to go any further with any questioning because, Your Honor, you have constantly, man, been on my back.

I refuse to go any further with this case at this time.

"THE COURT: You are not going any further.

"MR. DELVECCHIO: You have denied me, by stopping my testimony of the witnesses and now this, and I refuse to go any further.

At this time I refuse to go any further.

"THE BAILIFF: Defendant Borquez (sic) would like to be returned at this time.

"THE COURT: Your lawyer, then, will represent you.

"MR. BOJORQUEZ: I would like to put into the record that I'd like to be turned back and whatever, I don't want none of this going on in the Court.

"THE COURT: You don't want to participate any further in the trial?

"MR. BOJORQUEZ: I don't want to be represented, I don't want him to handle anything in the courtroom.

"MR. DELVECCHIO: The Court has denied—

"THE COURT: Mr. Delvecchio, I'm asking Mr. Borquez (sic) a question.

"MR. BOJORQUEZ: That's right.

"THE COURT: Do you want to stay in the courtroom?

"MR. BOJORQUEZ: No.

I feel we ain't getting a fair trial, and we ain't had a chance for the Judge to furnish our things and get them together and had time to put them in order the way we want them or anything else.

"MR. DELVECCHIO: The Court is arbitrarily forcing us to present our case—

"THE COURT: You are free to remain in the courtroom, Mr. Borquez (sic), it's up to you.

Mr. Delvecchio is not free to stay. The record may show that the Defendant Borquez (sic) refused to stay in the courtroom also.

"MR. WILDERMUTH: You Honor, at this time, I would like to request a five minute recess and Mr. Borquez's (sic) lawyer also, to confer on this matter.

"THE COURT: Okay. We will stand in recess for five minutes.

(Whereupon, a short recess was then taken.)

"THE COURT: We are ready for the jury, then?

"MR. BRASH: Yes. Your Honor.

"THE COURT: All right. Call the jury back in.

(Whereupon, the jury was then brought back into the courtroom.)

"THE COURT: Neither defendant is in the courtroom, and as has been previously done, Mr. Wildermuth will represent Mr. Delvecchio and Mr. Stokes will represent Mr. Borquez (sic), until the further order of the Court."

 We feel that the actions of the defendant comply or raise to the level of those present in Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), and the judge was justified in having the defendant Delvecchio removed from the courtroom. A trial judge has not only the right but the responsibility of seeing that trials are conducted properly and without disruption, and he is allowed to take those necessary measures to provide for the orderly disposition of criminal cases. When a defendant insists upon disobeying the rules of the court, the judge may, among other measures, remove the defendant from the courtroom. Illinois v. Allen, supra. A criminal trial is coercive in nature and a defendant will seldom voluntarily submit to such a trial. If a defendant, while exercising his right to represent himself, is able to disrupt a criminal trial to the point that a trial cannot be had, conceivably he could never be convicted of the crime of which he might be guilty. In the instant case the defendant, by his own actions, lost the right to continue the conduct of his own trial. A defendant may not assert his right to represent himself and then by his conduct make it impossible for that right to be exercised. We find no error.

## ABSENCE OF THE DEFENDANTS WHEN THE VERDICT WAS RENDERED

Prior to the close of the trial, the following transpired:

"THE COURT: The record may show that the Court, having given the defendant two minutes to decide if they wish to voluntarily testify and he having taken five, and not indicated to the Court that he wishes to voluntarily testify, it is ordered that he be taken from the courtroom.

Mr. Bojorquez, do you want to testify?

"MR. BOJORQUEZ: No.

"THE COURT: All right. You can take them both.

You are welcome to stay as long as you behave yourselves.

"MR. BOJORQUEZ: I will just go back home.

"THE COURT: All right.

"MR. DELVECCHIO: All right. Show at this time—

"THE COURT: No, we are now off the record.

(Whereupon, a short recess was then taken.)

"THE COURT: Show that in the record, that it is the finding of the Court that the Defendants understood their right to testify and refused to voluntarily testify and because of the past conduct of Mister Delvecchio it is ordered that he be returned to the State Prison and Mister Bojorquez requested he be returned.

So, it is ordered that he be returned.

It is further ordered that because of the past conduct, the arguments will be made out of the presence of the defendants and it is ordered that the defendants because of past conduct, not be brought into Court or the courtroom when the verdicts are returned.

\* \* · \* \* \* \*

"MR. BRASH: Let me understand the Court.

The rules provide the defendants have to be present at the rendition of any verdict, unless they are voluntarily absent.

I understand the Court to make an order that they are not to be present based on their conduct.

"THE COURT: Yes, Mister Bojorquez is voluntarily absent.

"MR. BRASH: Yes.

\* \* \* \* \* \*

"THE COURT: And I have ruled that Mister Delvecchio would not be required to be here because of his conduct."

The Rules of Criminal Procedure in effect at the time of the trial provided:

"A. In a prosecution for a felony the defendant shall be present:

\* \* \* \* \* \*

"7. At the rendition of the verdict.

\* \* \* \* \* \*

"B. If the defendant is voluntarily absent, the proceedings provided by this Rule, except those in paragraphs 1 and 2 of subsection A, may be had in his absence if the court so orders." Rule 231, Rules of Criminal Procedure, 1956, A.R.S.

A defendant is not required to be present if he voluntarily absents himself, State v. Kelly, 5 Ariz.App. 280, 425 P.2d 850 (1967); Rule 231(B), Rules of Criminal Procedure, 1956, 17 A.R.S., and we find no error as to the defendant Bojorquez.

A reading of Rule 231(A) and (B) indicates that while a defendant shall be present upon the rendition of the verdict, his presence may be waived if he is voluntarily absent. The only proceedings at which he may not waive his presence by voluntary absence is the arraignment or the guilty plea. It logically follows that a defendant may not only voluntarily absent himself from the rendition of the verdict as did Bojorquez, but by his conduct may forfeit the right to be present as did Delvecchio.

While we believe that the better practice would be to bring the defendant back into the courtroom for the rendition of the verdict, when a defendant is removed for disruptive behavior he forfeits his right to be present at the rendition of the verdict and we find no error in the instant case.

### FORCING COUNSEL UPON THE DEFENDANTS

We have held that a defendant in a criminal matter is not only entitled to representation of counsel, but he is entitled to represent himself when he so desires. State v. Van Bogart, 85 Ariz. 63, 331 P.2d 597 (1958), cert. den., 359 U.S. 973, 79 S.

Ct. 886, 3 L.Ed.2d 838 (1959); State v. Betts, 2 Ariz.App. 27, 406 P.2d 229 (1965).

In the instant case, the defendants were allowed to represent themselves and advisory counsel were appointed to assist them. State v. Spencer, 101 Ariz. 529, 421 P.2d 886 (1966). Counsel, at the request of the court, undertook to represent the defendants whenever defendants were absent. Defendants complain that it was error to allow appointed counsel to take over their case when they were excluded or voluntarily absent from the courtroom.

■ Although faced with a dilemma, we believe the trial court followed the wiser of the two courses in directing advisory counsel to protect the rights of the defendants during defendant's forced absence. To have prohibited the advisory counsel from participating in the trial during the defendants' absence would have placed an additional burden upon the court, an undesirable restraint upon the prosecution to the detriment of our adversary system of justice, and would have been potentially more damaging to defendants than the course followed. The action of the court was the best it could do under a situation made dufficult by the defendants' insistence that they represent themselves and their disruptive conduct. We find no error.

### REFUSAL TO ALLOW DEFENDANTS TO EXAMINE ADDITIONAL WITNESSES

After the defendant Bojorquez rested, the following took place:

"THE COURT: The record may show that the jury has withdrawn from the courtroom.

You want to make a further record this afternoon, Mr. Wildermuth?

"MR. WILDERMUTH: Yes, I would like, upon the request of my client, my client has requested that I do not question any of the additional witnesses and also based on the fact that I have no idea what he intended to do, nor what information he intended to receive from those witnesses or what lines of examination he intended to pursue, I therefore have no witnesses to call on behalf of Defendant Delvecchio at this time.

"THE COURT: Well, do you know what witnesses he intended to call?

"MR. WILDERMUTH: Your Honor, the only witness that I know of were guards who have already been on the stand, with the exception of Officer Chambers, who has not been here, and there has been an indication that both he and Mr. Bojorquez intended to testify.

"THE COURT: Well then, so that as to witnesses which would have been previously called to the stand, it would appear that their testimony would be accumulative and Mr. Wildermuth is not required to call them, nor is Mr. Stokes required to call them.

You said you think the defendants will want to testify?

"MR. WILDERMUTH: Mr. Delvecchio has indicated to me in the past that he intended to testify at his trial, yes.

"THE COURT: All right. Do you want to make a record, Mr. Stokes?

"MR. STOKES: Because of the record made by Mr. Bojorquez in this courtroom, the defense on his behalf rests.

"THE COURT: Fine.

Mr. Brash, do you rest?

"MR. BRASH: No, you can't rest without—he might want to testify.

"THE COURT: He can rest.

I have indicated I am going to have the defendants brought in at 9:00 a. m. tomorrow, to see if they want to testify.

With a possible exception of the defendant's testimony, you rest?

"MR. STOKES: Yes.

"THE COURT: You also, Mr. Wildermuth?

"MR. WILDERMUTH: That is my intention at this time, Your Honor.

"THE COURT: And I'll have the defendants brought in at 9:30 and we will determine then whether they want to testify or not."

The next day in the presence of the defendants, the following took place:

"THE COURT: The record may show that the jury is withdrawn from the courtroom, both defendants are present.

I'm required to advise each of you men, Mister Delvecchio and Mister Bojorquez, that you have a right to testify if you wish. It's up to you to determine whether you want to testify.

Do you want to testify, Mr. Delvecchio?

"MR. DELVECCHIO: Is the trial over?

"THE COURT: No, it's not over.

"MR. DELVECCHIO: Are there more witnesses to be called?

"THE COURT: No.

"MR. DELVECCHIO: Then, it's over.

"THE COURT: With the exception of your testimony, if you want to testify.

"MR. DELVECCHIO: I am not through presenting my defense.

"THE COURT: What?

"MR. DELVECCHIO: I wasn't through presenting my defense, Your Honor.

"THE COURT: Do you want to testify, Mister Delvecchio?

"MR. DELVECCHIO: When, right now?

"THE COURT: Well, as soon as we bring the jury in.

You are not required to testify, understand that it's up to you.

"MR. DELVECCHIO: Your Honor, I'm not through with my defense, I cannot testify.

I haven't rested my defenses, since yesterday I don't want to go any further with this case, because I have not

been allowed to present my defense properly, and I move—

"THE COURT: Well, the only thing to determine at this time is whether you want to testify.

"MR. DELVECCHIO: Are you going to allow me to call more witnesses?

"THE COURT: The first thing we are going to determine is whether or not you are going to testify.

"MR. DELVECCHIO: After all—after I have presented all my defense, then I will testify.

"THE COURT: Well, I'm going to call the jury in in three or four minutes, and if you wish to testify, you will have to tell me that you want to testify at that time.

"MR. DELVECCHIO: No, I'm not going for that. I have not presented my case, I have not rested my case.

"THE COURT: Mister Delvecchio, after you became unmanageable and had to be taken from the courtroom, your lawyer took over your case, everything has been presented that is going to be presented, except the testimony of you and Mister Bojorquez.

"MR. DELVECCHIO: How can my lawyer take over my case, when we have never communicated on this case.

I refuse to acknowledge any of this.

It is not a proper trial, I haven't received a fair trial, I haven't been able to defend myself, and prove my innocence against the State."

■ Defedants contend that the right to call and examine witnesses is an essential element of the conduct of the trial which the trial court cannot deny to them. In the instant case, the defendants wished to recall some of the prison guards who had already testified and who were previously available for cross-examination and were in fact cross-examined by defendants or their attorneys. The trial court determined that such testimony would be cumulative and the defendant Delvecchio himself

made no indication as to what he would go into if the officers were recalled. In fact, the attorneys for the defendants admit in the reply brief that "at this point we are unable to determine who appellants desired to call or what might have been the testimony of the unknown 'additional witnesses'."

In addition, the defendant Delvecchio also requested that another correctional officer be called although he did not indicate what his testimony would be. It appeared that this officer was not available as he was no longer affiliated with the prison. Under these circumstances, the trial court did not abuse its discretionary power to limit the quantity and protect the quality of the evidence before the jury. We have stated:

> "The defendant has made no claim that he did not have the right to cross-examine the witness fully on the matters he sought to elicit upon original cross-examination. The trial court has a wide discretion with regard to further cross-examination of a witness and may limit its scope. A party has no right to use further cross-examination to repeat or re-emphasize matters already covered on direct or cross-examination. The court may inquire into the nature and purpose of the further cross-examination to determine whether to permit it or limit its scope. The ruling of the trial court in rejecting the motion to recall the witness Hurley was not an abuse of discretion and will not be disturbed on appeal." State v. Loftis, 89 Ariz. 403, 405–406, 363 P.2d 585, 587 (1961). See also State v. Van Bogart, supra.

## SUFFICIENCY OF THE EVIDENCE

■ Defendants challenge the sufficiency of the evidence to support a conviction of assault with intent to commit murder upon Officer G. E. Montgomery. The testimony adduced from each officer, including Officer Montgomery himself, was to the effect that the defendants came to Officers Montgomery and Ramirez with threatening language and demeanor. The testimony indicates that both defendants had knives. The presence of the knives was legally sufficient for the inference of intent to be drawn in light of the manner in which they were displayed. State v. Mancini, 107 Ariz. 71, 481 P.2d 864 (1971). We believe the evidence was clearly sufficient to present the matter to the jury, State v. Bustamante, 103 Ariz. 551, 447 P. 2d 243 (1968). The jury determined this fact question adversely to the defendants and we find no abuse of the discretion of the court in allowing them to do so. State v. Superior Court in and for the County of Maricopa, 103 Ariz. 319, 441 P.2d 548 (1968).

Judgments affirmed.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.