The STATE of Arizona, Appellee,

v.

Edward V. RENTERIA, Appellant.

No. 1, CA–CR 607.

Court of Appeals of Arizona,
Division 1,
Department A.

March 26, 1974.

Gary K. Nelson, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

OPINION

OGG, Judge.

The appellant-defendant Edward V. Renteria was convicted by a jury of the illegal possession of a narcotic drug (heroin) and was sentenced to a term of 2 to 5 years in the Arizona State Prison. The defendant appeals this conviction.

The facts presented at the trial show the defendant was in the company of Manuel Rascon and Hector Rascon; all were standing in front of a house when they were observed by three members of the Phoenix Police Department. The officers decided to investigate when it appeared the men might be intoxicated. As the police car approached the defendant he was observed to throw an object as he hurried through a gate on his way to the house. One of the officers immediately retrieved the object which was later determined to be two baggies containing usable amounts of heroin.

Defendant's trial strategy was to show Manuel and Hector Rascon were the ones who possessed the heroin found by the police. To bolster this position he attempted to introduce the criminal records of the Rascons into evidence.

The defendant asked the court to take judicial notice of their criminal records; when that was denied he requested that the sheriff bring the Rascons to testify on his motion so he could lay further foundation for the admission of the Rascons' criminal records. The court refused defendant's motion and the criminal records of the Rascons were not admitted into evidence. Defendant further complains that he was prevented by various rulings of the trial judge from properly presenting his defense. Counsel for defendant states that

although the single rulings of the trial judge were not necessarily reversible error, it was the cumulative effect of these rulings that denied the defendant due process of law.

In our opinion the trial judge was correct in denying defendant's attempts to cast suspicion on the Rascons and to put their criminal records into evidence.

The evidence shows by the unequivocal testimony of the police officers that the defendant was the one person in possession of the heroin. The defendant offered no support for his theory that the Rascons were in possession of the heroin, he never attempted to subpoena them nor did he testify that they were in possession of the heroin.

We believe the trial judge was correct in ruling that these unsupported inferences were not relevant and therefore not admissible in evidence. Although we have found no Arizona cases directly in point, it is well settled that a trial court is allowed reasonable discretion in determining the relevance and admissibility of offered evidence. State v. Delvecchio, 110 Ariz. 396, 519 P.2d 1137 (filed March 15, 1974); State v. Chambers, 104 Ariz. 247, 451 P.2d 27 (1969); State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962); State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962); McCormick, Law of Evidence, § 152 (1954).

The defendant can always show that some other person and not the defendant committed the crime; however, it is within the sound discretion of the trial court to refuse to admit such evidence when it simply affords a possible ground of possible suspicion against another person. People v. Hayden, 30 Cal.App.3d 446, 106 Cal. Rptr. 348 (1973); People v. Mendez, 193 Cal. 39, 223 P. 65 (1924); State v. Umfrees, 433 S.W.2d 284 (Mo.1968); State v. Shinn, 238 N.C. 535, 78 S.E.2d 388 (1953).

We have examined the transcript and it appears the defendant was afforded a fair trial and that the trial judge's rulings on the evidence were proper.

The conviction of the defendant is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.