NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NATHANIEL WADE, *Petitioner*.

No. 1 CA-CR 20-0471 PRPC
FILED 5-6-2021

Petition for Review from the Superior Court in Maricopa County
No. CR2017-117023-003
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Nathaniel Wade, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

**C A T T A N I**, Judge:

¶1             Nathaniel Wade petitions for review from the dismissal of his petition for post-conviction relief.  For reasons that follow, we grant review but deny relief.

¶2             In 2018, Wade pleaded guilty to possession of dangerous drugs for sale.  The superior court sentenced him as stipulated in the plea agreement to a presumptive prison term of 10 calendar years.

¶3             Wade timely initiated post-conviction proceedings.  After appointed counsel found no viable claims for relief, the superior court ordered the attorney to continue in an advisory capacity and authorized Wade to file a pro se petition.  Wade filed a petition asserting that his conviction was not supported by sufficient evidence (or his guilty plea lacked an adequate factual basis), and that defense counsel provided ineffective assistance by failing to request a preliminary hearing, failing to request an evidentiary hearing, and failing to develop mitigation evidence or pursue a mitigated sentence.

¶4             After the State failed to timely file a response, the superior court emailed the State—copying Wade's advisory counsel—to inquire about the status of its response.  The State explained that it had no record of the minute entry order establishing a due date and requested an extension, which the court granted over Wade's objection.  The State then filed a response opposing Wade's petition, and Wade filed a reply.  The court summarily dismissed Wade's petition, reasoning that Wade's mitigation-specific ineffective assistance claim was not colorable because Wade had not offered any proof of deficient performance or resulting prejudice, his statements in open court at the change of plea provided an adequate factual basis for his guilty plea, and his guilty plea waived all his other asserted bases for relief.

¶5             Wade petitioned for review, asserting that (1) judges are paid based on the length of prison sentences they impose, giving the judge a pecuniary interest in securing a conviction;  (2) the court's email inquiring about the status of the State's response was an improper ex parte communication prejudicing Wade's rights; and (3) the superior court abused its discretion by allowing the State to file a late response.  We review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *See State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016).

**¶6** Preliminarily, Wade does not challenge the superior court's denial of relief on his insufficient evidence and ineffective assistance claims and has thus waived review of these issues. *See* Ariz. R. Crim. P. 33.16(c)(4). Nor does the record show any abuse of discretion in the court's resolution of those claims. *See, e.g.*, *State v. Tison*, 129 Ariz. 546, 556 (1981) (colorable claim of ineffective assistance requires more than vague speculation and conclusory allegations); *State v. Salinas*, 181 Ariz. 104, 106 (1994) (factual basis to support each element of the crime may be established by the defendant's admissions); *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013) (guilty plea waives claims "except those that relate to the validity of a plea").

**¶7** Wade asserts that the superior court's pay structure deprived it of jurisdiction, but he fails to provide factual support for his assertion that judges are paid for imposing prison terms. We do not further address this claim, however, because Wade did not first present it to the superior court, and a petition for review may not include new arguments that were not first presented in the petition for post-conviction relief. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (limiting petition for review to "issues the trial court decided"); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

**¶8** Wade next claims that improper ex parte communication between the court and the State deprived him of due process, but Wade's advisory counsel was included on the purportedly ex parte email. Although Wade argues that notice to advisory counsel was inadequate because Wade was representing himself and was unable to contact the advisory attorney, under the circumstances, the court's email to the State did not constitute an improper ex parte communication. *Cf. State v. Delvecchio*, 110 Ariz. 396, 402 (1974) (finding no error where the superior court directed advisory counsel to represent *pro per* defendants while the defendants were absent from the proceedings); Ariz. R. Crim. P. 6.1(c) (requiring the superior court to "give advisory counsel the same notice that is given to the [self-represented] defendant"). Moreover, Wade had a full and fair opportunity to challenge the State's late response, and he has not shown that notice of the email provided to him personally at the same time as to advisory counsel would have led to a different outcome. *See McElhanon v. Hing*, 151 Ariz. 403, 413 (1986) (requiring a showing of actual prejudice related to ex parte communication).

**¶9** Finally, Wade claims that the superior court abused its discretion by granting the State an extension to file its response to the petition "while requiring Defendant to abide by the rules perfectly." But the court similarly granted Wade extensions during the post-conviction

proceedings, and we discern no abuse of discretion in the superior court's decision to grant the State an extension as well. *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992) (noting the superior court's "broad discretion over the management of its docket"). Because the record shows good cause to grant an extension, we decline to substitute our judgment for that of the superior court. *See id.*

¶10        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA