NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT E. STEVENSON, *Appellant.*

No. 1 CA-CR 24-0380
FILED 01-26-2026

Appeal from the Superior Court in Maricopa County
No. CR2020-134219-001
The Honorable Chuck Whitehead, Judge

**CONVICTIONS AFFIRMED; REMANDED FOR RESENTENCING**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael J. Woodburn
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

**¶1**      Counsel for Robert E. Stevenson filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel certified he found no arguable, non-frivolous question of law. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asked the court to review the record for any arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court allowed Stevenson to file a supplemental brief *in propria persona*. He has not.

**¶2**      After an initial review of the record, the court asked for supplemental briefing under *Penson*. The court sought briefing on whether the superior court's comments during Stevenson's sentencing about Stevenson's failure to admit guilt and lack of remorse constitutes fundamental, prejudicial error requiring remand for resentencing.

**¶3**      The court affirms Stevenson's convictions, but vacates his sentences and remands for resentencing.

## FACTUAL AND PROCEDURAL HISTORY

**¶4**      The court views the facts in the light most favorable to sustaining the jury verdicts, resolving all reasonable inferences against Stevenson. *State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

**¶5**      The victim was waiting in her car for a friend. Stevenson, who lived with the victim and also trafficked her, approached her car on his bicycle. He reached through the victim's rolled-down car window, unlocked and opened the car door, and shoved the victim into the passenger seat, got into the car, and drove to their residence.

**¶6**      Once inside the residence, Stevenson took the victim's purse, dumped its contents, and punched her in the face after a syringe fell out. As the victim yelled, Stevenson dragged her by the hair into a soundproof room. The victim told Stevenson she needed heroin because she felt sick,

and he told her she would have to have sex with him first. Stevenson had sex with the victim even though she did not consent. Stevenson then threw the heroin in the victim's face. The victim later persuaded Stevenson to give her the car keys and let her leave, at which point the victim left in her car.

**¶7** The victim called the police after she met with her father and a friend. The police took the victim to a sexual assault victim center, then to a hospital. At the hospital, a doctor diagnosed the victim with multiple facial fractures requiring surgery. The victim stayed in the hospital for 2 days.

**¶8** The State charged Stevenson with kidnapping, a class 2 felony under A.R.S. § 13-1304; sexual assault, a class 2 felony under A.R.S. § 13-1306; and aggravated assault, a class 4 felony under A.R.S. § 13-1204. After the superior court empaneled 14 jurors (12 with 2 alternates), it held a 5-day trial.

**¶9** At the close of the State's case-in-chief, Stevenson did not move for a judgment of acquittal under Rule 20, Arizona Rules of Criminal Procedure. Stevenson testified in his own defense. He denied trafficking the victim, making her drive off with him, punching her, stopping her from leaving the house, and forcing her to have sex with him. The jury found Stevenson guilty on all 3 counts and found each count was a domestic violence offense.

**¶10** The superior court then conducted the aggravation phase. After multiple admonitions, the court removed Stevenson from the courtroom during that phase because of his outbursts denying the offenses. *See State v. Delvecchio*, 110 Ariz. 396, 401 (1974) (recognizing a disruptive defendant may lose the right to be present at trial if the defendant continues the disruption after being warned the disruption may result in the defendant's removal from the courtroom); *see also Illinois v. Allen*, 397 U.S. 337, 343 (1970) (recognizing the same as *Delvecchio*). The superior court later gave Stevenson a chance to return, but he declined. The jury found 5 aggravating circumstances: (1) the offense occurred while the defendant was on felony probation under A.R.S. § 13-708.A; (2) the offense caused emotional harm to the victim under A.R.S. § 13-701.D.9; (3) the defendant was convicted of a felony offense within the 10 years immediately preceding the current charges under A.R.S. § 13-701.D.11; (4) the defendant did not seek help for the victim under *State v. Jenkins*, 193 Ariz. 115, 122 ¶ 27 (App. 1998); and (5) there was a need to protect future victims from the defendant under *State v. McCuin*, 167 Ariz. 447, 453 (App. 1991).

¶11    The superior court held a separate trial on whether Stevenson had prior felony convictions, after which it found Stevenson was a category 3 repetitive offender. Stevenson addressed the superior court as part of the sentencing hearing. Consistent with his extensive comments, Stevenson ended by saying, "I did not do nothing to her, period. I wouldn't do it."

¶12    For the kidnapping conviction, the superior court sentenced Stevenson to a maximum term of 28 years in prison with 1,075 days of presentence incarceration credit. *See* A.R.S. § 13-703.J. For the sexual assault conviction, the superior court sentenced him to a maximum term of 28 years in prison with 1,075 days of presentence incarceration credit. *See id*. For the aggravated assault conviction, the superior court sentenced Stevenson to a maximum term of 12 years in prison with no presentence incarceration credit. *See id*. The court ordered Stevenson to serve the 28-year kidnapping and 28-year sexual assault sentences concurrently and the 12-year aggravated assault sentence consecutive to the others. The superior court then said:

> The Court does find that the reason for the consecutive sentence is because of the separate harm to the victim—because of the separate harm to the victim. The Court also notes that Mr. Stevenson is expressing no remorse for his actions and is accepting no responsibility for the charges in this case.

Stevenson's counsel did not object, but Stevenson responded by protesting his innocence: "Because I didn't do it."

¶13    The court has jurisdiction over Stevenson's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## DISCUSSION

¶14    Because Stevenson did not object at sentencing, the court reviews the superior court's comments about Stevenson's failure to admit guilt and lack of remorse for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018). When reviewing a sentence for fundamental error, the court first determines whether the superior court erred. *State v. Melendez*, 259 Ariz. 282, 288 ¶ 16 (2025). If error occurred, the court must "evaluate whether the error was fundamental and prejudicial." *Id.* To show fundamental error, Stevenson must establish an error (1) going to the foundation of his case, (2) depriving him of a right essential to his defense, or (3) of such magnitude he could not possibly have received a fair

trial. *See Escalante*, 245 Ariz. at 142 ¶ 21. To prove prejudice, Stevenson must show "that without the error, a reasonable jury could have plausibly and intelligently returned a different verdict." *See id.* at 144 ¶ 31. If Stevenson proves both fundamental error and prejudice, then the court must grant a new sentencing. *See Melendez*, 259 Ariz. at 288 ¶ 16.

**I.      It was fundamental prejudicial error to tie Stevenson's professed innocence and failure to show remorse to Stevenson's maximum, consecutive sentences.**

¶15         Under the facts here, the superior court's mention of Stevenson's lack of remorse and failure to take responsibility constitutes fundamental error. The superior court tied Stevenson's lack of remorse and failure to take responsibility for the harm to the victim when it explained its sentencing. *See State v. Trujillo*, 227 Ariz. 314, 318 ¶ 15 (App. 2011). "A defendant is guilty when convicted and if he chooses not to publicly admit his guilt, that is irrelevant to a sentencing determination." *State v. Carriger*, 143 Ariz. 142, 162 (1984). For that reason, when "sentencing a defendant, a court may not consider his or her lack of remorse or failure to admit guilt." *Trujillo*, 227 Ariz. at 318 ¶ 14.

¶16         In his opening *Penson* brief, Stevenson argues he was prejudiced because the superior court erred when it discussed Stevenson's lack of remorse and failure to take responsibility after Stevenson addressed the court and proclaimed his innocence. The State argues the superior court's reason for imposing a consecutive sentence was the separate harm to the victim. That is true as to one reason, but the superior court added remorse and responsibility into the mix as other reasons.

¶17         The State argues the superior court would have imposed a consecutive sentence even absent Stevenson's professed innocence and lack of remorse. *See State v. Hardwick*, 183 Ariz. 649, 656–57 (App. 1995) (quoting *State v. Ojeda*, 159 Ariz. 560, 562 (1989)). That may be true, but that is not what the superior court said. The only way to know what sentences the superior court would have imposed is to remand for sentencing.

¶18         The State also argues Stevenson failed to show the superior court's comments prejudiced him, saying Stevenson merely speculates the superior court might have imposed a more lenient sentence. *See State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13 (App. 2013). But that is the standard Stevenson must meet. Stevenson need not show the superior court *would* have imposed a more lenient sentence. Instead, Stevenson "must demonstrate that absent the error the court could have reasonably imposed

a lighter sentence." *State v. Alston*, 1 CA-CR 23-0511, __ Ariz. __, __ ¶ 24, 2025 WL 2950592, at *6 (App. 2025) (citing *Trujillo*, 227 Ariz. at 318 ¶ 15).

¶19 The superior court explicitly referred to Stevenson expressing no remorse and taking no responsibility just after saying it imposed the consecutive sentences for the aggravated assault conviction "because of the separate harm to the victim." And the superior court tied the consecutive sentence both to the harm to the victim and to Stevenson's professed innocence and lack of remorse when, in the next sentence, it said, "The court **also** notes that Mr. Stevenson is expressing no remorse for his actions and is accepting no responsibility for the charges in this case." (emphasis added).

¶20 On this record, Stevenson has shown the superior court "could have reasonably imposed a lighter sentence." *See id.* (citing *Trujillo*, 227 Ariz. at 318 ¶ 15). Stevenson established prejudice because there is no way to determine from the record whether the superior court would have imposed the same sentences if it had not tied Stevenson's lack of remorse and failure to take responsibility to the harm to the victim. *See id.* at 319 ¶ 21 (recognizing a reasonable likelihood the superior court could have imposed more favorable sentences if it had not considered the defendant's lack of remorse and failure to take responsibility).

II. **Beyond the sentencing issue, the court read and considered counsel's brief, and fully reviewed the record for arguable, non-frivolous error, and identified no such error.**

¶21 All proceedings complied with the Arizona Rules of Criminal Procedure. The superior court properly empaneled 12 jurors and 2 alternates. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Stevenson's presumed innocence. Stevenson was present and represented by counsel at all stages of the proceedings, other than when the superior court ordered him removed for being disruptive as discussed in paragraph 10. *See Delvecchio*, 110 Ariz. at 401. The superior court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's unanimous verdict.

## CONCLUSION

¶22 The court thus affirms Stevenson's convictions but vacates his sentences and remands for resentencing.

**¶23**        As to the convictions, defense counsel has no further obligations unless counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶24**        The court, of its own accord, grants Stevenson 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Stevenson has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review, or if Stevenson files a timely *in propria persona* motion for reconsideration, he has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JT