**STATE of Arizona, Appellee,**

v.

**David MILES, Appellant.**

**No. I CA–CR 85.**

Court of Appeals of Arizona.

May 26, 1966.

---

Darrell F. Smith, Atty. Gen., by Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

STEVENS, Chief Judge.

David Miles, hereinafter referred to as defendant, was adjudged guilty of the crime of obstructing an officer, a felony, in violation of A.R.S. § 13–541 and sentenced to a term of not less than five nor more than eight years in the Arizona State Penitentiary.

From the facts material to this appeal, it appears that on 15 September 1965, an information for obstructing an officer was filed against defendant, with an addendum to the information alleging a prior felony conviction. Arraignment was held 20 September 1965, before a judge, other than the trial judge, at which time the Maricopa County Public Defender's Office was appointed to represent the defendant, defendant entered "a plea of not guilty" and trial was set for 11 October 1965. The minutes are silent as to whether the defendant admitted or denied the truth of the allegation of prior conviction. Criminal Rule 134 refers to the recitations set forth in the addendum as "an allegation of a prior conviction". A similar reference is found in the caption of Criminal Rule 180. Rule 180 does not speak of a "plea" to the allegation of prior conviction but directs that after a defendant has plead to the offense charged "he shall be asked whether he has been previously convicted". The answer shall be noted in the minutes. As hereinafter appears, the trial judge treated the record as disclosing a denial of the truth of the allegation of prior conviction.

Upon motion by defense counsel, two psychiatrists were appointed to examine defendant pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S. On 8 November 1965, the court found that defendant was able to assist counsel in his defense and to understand the nature of the proceedings and ordered the matter to proceed to trial.

The trial date was reset to 15 November 1965.

The evidence adduced during the trial revealed that on 10 July 1965, at approximately 5:00 P.M., an officer of the Phoenix Police Department was struck by the defendant with a 26″ iron pipe while the officer was in the process of arresting the defendant for using vulgar language in the presence of women and children. The use of vulgar language under these circumstances is a misdemeanor in violation of A.R.S. § 13–377.

At the conclusion of the trial in chief and after the jury had returned a verdict of guilty of the charged offense, the jury trial resumed for hearing and determination of the prior conviction. On the appeal this Court is limited to an examination of the minute entries as the proceedings were not stenographically reported. The minutes recite that in the presence of defendant, counsel and the jury:

"The Clerk reads the Addendum to Information to the jury and the plea of the defendant thereto is made known to them."

We assume therefrom that the jury was informed that the defendant had denied the allegation of prior conviction. A Judgment of Guilt and Sentence in relation to the offense set forth in the allegation of prior conviction was admitted in evidence over objection and the court recessed for the day. The following morning an in chambers conference was held between the court and counsel. Various defense motions were argued and denied. The following minute entry was made:

"At this time the Public Defender admits prior conviction, on behalf of defendant."

When court reconvened the defendant, counsel and jury were present. At this time the following minute entry was recorded:

"Let the record show, at the Court's direction, that the defendant had a prior conviction."

and the jurors were excused.

The Public Defender's Office filed a Motion for New Trial on behalf of the defendant alleging in general assertions, without specification or particulars, that: (1) the verdict was contrary to law and the weight of the evidence; (2) the court erred in its decisions of law arising during the trial; (3) the deputy county attorney prosecuting the matter was guilty of misconduct; (4) the court erred in refusing to sustain defendant's motion for a directed verdict. The motion for new trial was denied. The defendant filed a notice of appeal and the Public Defender's Office was appointed to represent him on appeal. The Public Defender's Office advised us that the record had been reviewed disclosing no error and pursuant to § 13–1715 A.R.S. we undertook an examination and search of the record for fundamental error.

■ A complete examination of the record and proceedings in relation to the charged offense reveals an absence of fundamental error. Defendant was furnished the assistance of counsel throughout all stages of the proceedings as required by the various rules and constitutional provisions, as now interpreted. We have read the transcript of record and believe that the evidence is more than sufficient from which a jury might find the defendant guilty of the crime as charged.

■ In the recent case of State v. Cobb, 2 Ariz.App. 71, 406 P.2d 421 (1965), we set forth the procedure to be followed in jury trials in cases where the defendant denies the allegation of previous conviction. In Cobb we stated that in order to establish a prior conviction two questions of fact must be resolved. The first is whether the prior judgment had been rendered; the second is whether the defendant is the same person previously convicted. See also: State v. Salazar, 3 Ariz.App. 114, 412 P.2d 289 (1966). In the present case over the objection of the defense, a certified copy of a judgment and sentence for one David Miles was admitted in evidence. There was no evidence that the David Miles named therein was the same David Miles then on

trial. The mere similarity of names is not sufficient. The State is required to prove the fact of the prior conviction beyond a reasonable doubt. Cobb. The only substantiation of defendant's prior felony conviction is the admission by the Public Defender.

The determining question then is whether an admission of a prior conviction may be entered by counsel for accused or must be made by accused himself. It is our opinion that Criminal Rule 180 requires that the defendant personally admit the truth of the allegation of prior conviction or at least confirm an admission made by his attorney.

■ Criminal Rules 181 and 231 A.2. appear to imply that a defendant need not personally plead guilty to the charged offense but must be present when such plea is entered. It is our opinion that better practice is to require that the defendant plead in person if he is to plead guilty. This opinion is supported by Rule 167 which directs that:

> " * * * if any defendant stands mute or pleads evasively, a plea of not guilty shall be entered of record,".

Criminal Rules 178, 183, 184, 186 & 187 are consistent with this opinion.

■ We are not called upon to rule in relation to the entry of a plea of guilty to the charged offense. The admission of the truth of the allegation of prior conviction should carry the same dignity as the plea of guilty to a charged offense.

In the present case, the admission of the truth of the allegation of prior conviction was entered for the defendant by his counsel at an in chambers conference out of the defendant's presence. When court reconvened the defendant was not examined by the court to determine whether he understood what had been done and acquiesced therein. The only plea entered by defendant was one of not guilty. In the case of Pruitt v. State, 37 Ariz. 400, 294 P. 629 (1931), our Supreme Court stated in commenting upon the procedure where a plea of

not guilty had been entered and not formally withdrawn:

"Under no circumstances may a trial court direct a jury to return a verdict of guilty in the face of a plea of not guilty still standing. The proper procedure in case the defendant does admit his guilt during a trial is for him to ask permission to withdraw his plea of not guilty and to enter a plea of guilty, in which case there is nothing remaining for the jury to do, and they should be discharged and the court should pronounce judgment upon the plea of guilty. No matter how clear and convincing the evidence may be as to the guilt of a defendant, no matter what admissions may be made by him or by his counsel during the process of trial, the trial judge cannot take from the jury the right of freely passing upon the guilt or innocence of the defendant so long as the plea of not guilty stands."

It is well established that in determining the penalty to be imposed, a trial judge has wide discretion within the statutory limits. Rule 336, Rules of Criminal Procedure. The court may inquire into mitigating or aggravating circumstances. This includes inquiring into the defendant's past criminal record. The court may take the fact of prior convictions into consideration in determining the sentence even though the prior conviction is not charged in the information or established as required by law, provided the sentence imposed does not exceed the maximum authorized by statute for the charged offense. State v. Adams, 1 Ariz.App. 354, 403 P.2d 7 (1965). However, in order for the trial court to consider a previous conviction and impose a sentence in excess of the maximum permitted for the charged crime under the *statute requiring increased punishment for subsequent offenses*, the requisites of Rule 180, of the Rules of Criminal Procedure must be followed. Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964).

In the present case no mention of the prior conviction is set forth in the minutes of the time of sentencing nor did the signed judgment of guilt contain any reference to the fact of a prior conviction.

The statute prohibiting obstructing public officers provides for a punishment by a fine not exceeding five thousand dollars and imprisonment in the state prison for not to exceed five years, or by imprisonment in the county jail for not to exceed one year. The sentence of five to eight years clearly is in excess of the statutory maximum and constitutes an abuse of the trial court's discretion.

The judgment of guilt is affirmed.

The sentence is vacated and the cause remanded for proceedings consistent with this opinion.

CAMERON and DONOFRIO, JJ., concurring.