438 P.2d 423

Prentice Eugene **PONDS**, Appellant,

v.

The **STATE** of Arizona ex rel. **Frank A. EYMAN**, Warden, Arizona State Prison et al., Appellees.

No. 2 CA–CIV 482.

Court of Appeals of Arizona.

March 11, 1968.

Rehearing Denied April 17, 1968.

Review Denied May 14, 1968.

Prentice Eugene Ponds in pro. per.

Darrell F. Smith, The Atty. Gen., Phoenix, for appellees.

KRUCKER, Judge.

This is an appeal from a Pinal County superior court order denying appellant's petition for a writ of habeas corpus. The petitioner challenged the validity of his conviction and sentence claiming that he was convicted "upon a charge not made in the information" and that his sentence was illegal.

The appellant was found guilty of the crime of forgery (attempt to pass). The information charged that the defendant:

"* * * with intent to defraud, did attempt to pass as true and genuine to Francis Miller a certain forged instrument * * * all in violation of Section 13–421, A.R.S."

The appellant predicates his attack on the trial court's jurisdiction on the fact that the information did not allege that he signed the name of another person or of a fictitious

person, and therefore did not state an offense.

A.R.S. § 13–421 provides in pertinent part:

"A. A person is guilty of forgery who, with intent to defraud:

"1. * * * attempts to pass, as true and genuine, any of the false, altered, forged or counterfeited matter described above, knowing it to be false, altered, forged or counterfeited with intent to prejudice, damage or defraud any person * * *."

 The information therefore stated the offense of forgery as defined in the statute and there was no lack of jurisdiction as to the subject matter.

 Forgery is punishable by imprisonment in the state prison for not less than one nor more than 14 years. Appellant was sentenced to not less than eight nor more than nine years. However, he appears to equate "attempt to pass" with an attempt to commit forgery and therefore contends he could not be sentenced to more than seven years. A.R.S. § 13–110, subsec. 1. Having been convicted of forgery and not an attempt thereof, his contention is specious.

 The appellant also attacks the legality of the sentence on the ground that the trial court could not sentence him as a habitual offender since the allegation of a prior conviction to which he had plead not guilty was not proven. It is true that the sentencing court could not impose a sentence in excess of the maximum prescribed for forgery unless the fact of a prior conviction was established in accordance with the mandate of Rule 180, Rules Crim.Proc., 17 A.R.S.; State v. Miles, 3 Ariz.App. 377, 414 P.2d 765 (1966); Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915 (1964). However, as stated in State v. Miles, supra:

"The court may take the fact of prior convictions into consideration in determining the sentence even though the prior conviction is not * * * established as required by law, provided the sentence imposed does not exceed the maximum authorized by statute for the charged offense."

3 Ariz.App. at 381, 414 P.2d at 769

The sentence imposed upon appellant was within the statutory prescription of A.R.S. § 13–421 and therefore the contention that it was illegal and excessive is without merit.

 Since the appellant's petition showed as a matter of law that he was not entitled to relief, Blair v. People, 340 F.2d 741 (9th Cir. 1965), its denial without a hearing thereon was proper.

Order affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.