481 P.2d 864

**STATE of Arizona, Appellee,**

v.

**Edward Arnold MANCINI, Appellant.**

**No. 2138.**

Supreme Court of Arizona,
In Division.

March 5, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a judgment of guilt after a plea of guilty to the crime of assault with intent to commit murder, § 13–248 A.R.S. Defendant was sentenced to the

Arizona State Prison for a term of not less than ten nor more than twelve years. We are called upon to determine whether the plea was voluntarily and intelligently made and properly accepted.

The facts necessary for a determination of the matter on appeal are as follows. Defendant, after a preliminary hearing at which time he was represented by counsel, was held to answer to the Superior Court on a charge of assault with intent to murder one Tito Chavez.

On 4 February 1970, defendant entered a plea of not guilty at arraignment. Trial was set for 2 March 1970, and on that date the cause proceeded as follows:

"MR. REMENDER: (Atty for the Defendant) Your Honor, at this time it is the defendant's desire to withdraw his prior plea of not guilty and enter a plea of guilty to the charge. Is that right Mr. Mancini?

"MR. MANCINI: Yes.

"THE COURT: All right. Would you like to come up, please.

Now, you're Mr. Edward Arnold Mancini, right?

"MR. MANCINI: Yes.

"THE COURT: And you're charged with assault to commit murder, a felony. Do I understand you want to change your plea and plead guilty to that?

"MR. MANCINI: Yes, sir.

"THE COURT: Well, did you on or about the 25th day December, 1969, while you were armed with a gun, assault Mr. Tito Chavez?

"MR. MANCINI: Yes.

"THE COURT: And did you intend to murder him?

"MR. MANCINI: I'm not sure.

"THE COURT: Well, what were the circumstances?

· "MR. REMENDER: What happened that day?

"MR. MANCINI: I pulled a gun out and shot him.

"THE COURT: What compelled you to pull the gun out and shoot him?

"MR. MANCINI: I'm not sure.

"THE COURT: Were you drinking?

"MR. MANCINI: No.

\* \* \* \* \* \*

"THE COURT: What did you tell Mr. Mancini about the penalty?

"MR. REMENDER: Your Honor, I told him the penalty carried a minimum of five years and a maximum of life in prison.

"THE COURT: And you know that? What the penalty is?

"MR. MANCINI: Yes, sir.

"THE COURT: How far did you go in school?

"MR. MANCINI: About three years of college.

"THE COURT: Three years of college?

"MR. MANCINI: Three.

"THE COURT: Where did you go to college?

"MR. MANCINI: A. S. U.

\* \* \* \* \* \*

"THE COURT: Did anybody make any threats or offer you any inducements or promises of any kind whatsoever to persuade you to change your plea to guilty?

"MR. MANCINI: No, sir.

"THE COURT: You're pleading guilty because you are guilty?

"MR. MANCINI: Yes.

"THE COURT: And you understand what this charge is?

"MR. MANCINI: I do.

"THE COURT: You understand you're entitled to be tried before a jury and have the people who are accusing you of this come into court and testify and your lawyer could cross-examine them about the situation; do you understand that?

"MR. MANCINI: I do.

"THE COURT: You have that right. You have a right to appeal any part

of that proceedings; do you understand that?

"MR. MANCINI: I do.

"THE COURT: Do you want to add anything?

"MR. REMENDER: No, your Honor, except I have explained to him the rights he is waiving, the Fifth Amendment right of self-incrimination, the right to a jury trial, the right to have the witness confront him, and his right to a lawyer; and I think he understands fully.

"THE COURT: You understand what your lawyer has been saying?

"MR. MANCINI: Yes, sir.

"THE COURT: Is there anything else you want to add?

"MR. NOVAK: (Deputy County Attorney) No, your Honor, nothing further.

"THE COURT: All right, let's set the time for sentencing. * * *."

On appeal the appellant has presented the following questions for consideration as possible grounds for reversal:

1. Must the defendant enter a specific plea of guilty to the charge.

2. May a court accept a plea of guilty to assault with intent to commit murder when the defendant states he is not sure whether he intended to commit murder.

## MUST THE DEFENDANT PERSONALLY ENTER HIS PLEA OF GUILTY?

■ Although the minute entry of this hearing on the change of plea notes that the "court finds that the defendant enters his plea of guilty, knowingly, willingly and voluntarily and the court accepts the plea", we cannot find wherein the defendant in his own voice entered a specific plea of "guilty". Our Court of Appeals has stated:

"Criminal Rules 181 and 231 A. 2. appear to imply that a defendant need not personally plead guilty to the charged offense but must be present when such plea is entered. It is our opinion that *better* practice is to require that defendant plead in person if he is to plead guilty." State v. Miles, 3 Ariz.App. 377, 380, 414 P.2d 765, 768 (1966). (Emphasis added) See also Rule 179, subsec. A, Rules of Criminal Procedure, 17 A.R.S.

Admittedly the "better" practice was not followed in the case before the court. However, the record is clear that it was defendant's intention to enter and be bound by a plea of guilty to the offense as charged. He was not misled or in doubt as to what was happening at the time and the effect of his actions. The Court of Appeals has recently held this very argument to be without merit. In that case defendant, when asked by counsel did she "wish to plead guilty", answered "yes". The court said:

"We have read the transcript and agree that the defendant never said 'I plead guilty'. However, for the purposes of the hearing, we do not believe the overall proceeding left any doubt but that defendant was before the judge to change her plea." State v. Myers, 12 Ariz.App. 409, 410, 471 P.2d 294, 295 (1970), review denied 13 October 1970.

## WAS THE PLEA PROPERLY ACCEPTED?

■ We believe that the plea in this case was voluntarily, intelligently and knowingly made and complied with the mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) in that the court ascertained before accepting the plea that there was a factual basis for said plea.

Defendant contends, however, that the court should not have accepted a plea of guilty to a crime that requires intent when the defendant states to the court that he did not intend to murder the victim. The defendant stated:

"THE COURT: And did you intend to murder him?

"MR. MANCINI: I'm not sure.

"THE COURT: Well, what were the circumstances?

"MR. REMENDER: What happened that day?

"MR. MANCINI: I pulled a gun out and shot him.

"THE COURT: What compelled you to pull the gun out and shot him?

"MR. MANCINI: I'm not sure."

The United States Supreme Court has stated:

"Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him and his consent that judgment be entered without a trial of any kind. The plea usually subsumes both elements, and justifiably so, even though there is no *separate*, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged in the indictment. See Brady v. United States, *supra*, 397 U.S. 742, at 748, 90 S.Ct. 1463 at 1468, 25 L.Ed.2d 747, at 756; McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418, 425 (1969)." (Emphasis added) North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, 168 (1970).

 Defendant's statement that he was "not sure" whether he intended to murder the victim is not enough to override all the other evidence before the court and require that the court decline to accept the plea of guilty voluntarily and intelligently made by the defendant. Additionally, intent to kill may be presumed from the use of a deadly weapon. State v. Preis, 89 Ariz. 336, 339, 362 P.2d 660 (1961); State v. Schroeder, 95 Ariz. 255, 260, 389 P.2d 255 (1964). We believe the plea was properly accepted.

We have reviewed the entire record as required by § 13–1715, subsec. B, A.R.S. and we have found no fundamental error.

Judgment affirmed.

HAYS, V. C. J., and LOCKWOOD, J., concur.