496 P.2d 133

**STATE of Arizona, Appellee,**

v.

**Kenneth Harlan TOMES, Appellant.**

**No. 2150.**

Supreme Court of Arizona,
In Division.

May 1, 1972.

Rehearing Denied May 31, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

Defendant, Kenneth Harlan Tomes, was charged by information with possession of a blank bill or note with intent to complete and pass it to defraud any person in violation of A.R.S. § 13–423, subsec. A, par. 2, and with a prior felony conviction.

Counsel appeared with defendant in Superior Court on July 18, 1968 and asked the court to accept a change in plea to guilty on the violation of A.R.S. § 13–423 and to accept an admission of the prior conviction.

The court advised the defendant of his rights and asked him some questions to determine if the plea was voluntary and knowing before accepting it.

The court determined that the defendant knew of his right to a jury trial, that the defendant was in fact guilty of the offense, and that no promises of immunity or threats had been made to induce his plea.

At this point the following statements were made (R.T. 3, 4):

"THE COURT: Very well, there will be an order, and the Court finds, that the defendant intelligently, knowingly and voluntarily enters a plea of guilty to the information, is that right?

"MR. HOLLY: That's right, and admits the prior.

"THE COURT: And admits the prior conviction. Incidentally, do you know what the punishment for this is?

"MR. TOMES: The lawyer told me, yes.

"THE COURT: Pleading guilty to the prior conviction, do you know what the maximum punishment is?

"MR. TOMES: Ten year maximum or ten year minimum. Maximum is probably life.

"THE COURT: Is that right?

"MR. HOLLY: Minimum ten years, the Statute says, Your Honor."

On July 25, 1968 the court entered judgment that the defendant was guilty of possession of a blank bill or note and imposed a sentence of two to five years (R.T. 6). The next day the court brought the defendant back into court, vacated the previous sentence and pronounced a sentence of 10 to 10½ years in prison to take into account the prior felony conviction (R.T. 5).

Defendant, in propria persona, filed an application for a delayed appeal in this Court on May 21, 1970. The matter was referred to the Superior Court as to whether a guilty plea was knowingly and voluntarily entered and whether Tomes knew of his right to appeal. Ex parte, without hearing, the court found from the transcripts that Tomes "was aware of the possible consequences of pleading guilty to the charge of possession of blank bill or note and of admitting the prior conviction." The court determined that "he knew that he had a right to a jury trial, he informed the court that no promises had been made to induce him to plead guilty, he further informed the court that he desired to plead guilty because he was guilty and he was pleading guilty of his own free will without any promises of immunity or any threats."

The court did, however, find that Tomes was not advised of his right to appeal. This Court granted a delayed appeal on September 24, 1970.

Two questions are raised by appellant:

1. Is an admission of allegation of a prior conviction by counsel for defendant sufficient to support judgment and sentence based on the prior conviction?

2. Does the record show an understanding by Tomes of the consequences of admission of a previous conviction?

Rule 180 of the Rules of Criminal Procedure, 17 A.R.S. requires that a defendant who is charged in the information with a previous conviction "shall be asked whether he has been previously convicted." Does this mean the defendant *himself*, or can his attorney answer for him?

It once was the law in Arizona that the defendant must personally make a guilty plea (§ 5016, R.S. '28), but that requirement was repealed. The basis for this Court's holding in Pruitt v. State, 37 Ariz. 400, 294 P. 629 (1931), which appellant relies upon as authority for the proposition that a criminal defendant must personally make a guilty plea, was § 5016. Since the statute upon which Pruitt v. State was based has been repealed it is no longer authority on the question.

The appellant also relies upon the decision by the Court of Appeals in State v. Miles, 3 Ariz.App. 377, 380, 414 P.2d 765, 768 (1966), which held:

"The determining question then is whether an admission of a prior conviction may be entered by counsel for accused or must be made by accused himself. It is our opinion that Criminal Rule 180 requires that the defendant personally admit the truth of the allegation or at least confirm an admission made by his attorney."

The Court of Appeals in *Miles* said that Criminal Rules 181 and 231, subd. A, par. 2 imply that a defendant need not personally plead guilty to the charged offense but must be present when such plea is entered. It stated, however, that: "It is our opinion that better practice is to require that the defendant plead in person if he is to plead guilty." State v. Miles, 3 Ariz.App. 377, 380, 414 P.2d 765, 768.

The *Miles* case, supra, was followed and approved in State v. Mancini, 107 Ariz. 71, 481 P.2d 864 (1971). In the latter case we held that where the record was clear that the defendant intended to enter and be bound by a plea of guilty he would, in fact, be bound by the plea even if made by his counsel rather than by the defendant personally. The present case falls squarely within the principles of the cited cases. The record shows that it was the defendant's intention to enter and be bound by the admission of the prior conviction which had orally been admitted by his attorney to the court. The defendant was not misled nor was he in doubt as to what was happening and the effect of the admission made by his attorney. Under such circumstances the admission of the prior conviction was properly accepted by the court.

We must caution, however, and reemphasize that it is by far the better practice to require that the defendant plead in person if he is to plead guilty or admit a prior conviction, and that the record should reflect his personal plea. Any other procedure only invites appeals and possible reversal.

The second assertion by the appellant is that the record does not show an understanding by the defendant of the consequences of the admission of a previous conviction.

The court asked Tomes if he knew the punishment for a conviction for the felony with a prior conviction. Tomes replied that he thought it was ten year minimum with a maximum of life. The counsel for the defense volunteered to the court that the minimum sentence was ten years. Tomes was sentenced to 10 to 10½ years in prison. There seems nothing in those facts which indicates Tomes did not understand the consequence of his guilty plea.

The judgment and sentence of the Superior Court in this cause is affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.