508 P.2d 362

**STATE of Arizona, Appellee,**

v.

**Paul JACKSON, Appellant.**

**No. I CA–CR 491.**

Court of Appeals of Arizona,
Division 1,
Department A.
April 3, 1973.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Phoenix, for appellee.

Thomas, Udall & Mills, by Stephen G. Udall, Flagstaff, for appellant.

STEVENS, Judge.

Paul Jackson [defendant] entered a plea of guilty to the offense of aggravated battery, A.R.S. § 13–245. He was adjudged guilty and sentenced to not less than three years and not more than five years in the Arizona State Prison with credit from the date of his arrest. He appealed to this Court.

The defendant was placed under arrest for intoxication and confined in the Flagstaff jail. Immediately upon entering the jail cell, he assaulted a sleeping fellow prisoner and kicked him in the face. The wounds required medical attention and the report was that the victim was recovering.

Mr. Stephen G. Udall of Flagstaff was appointed to represent the defendant at the preliminary hearing, in the Superior Court and on this appeal. Mr. Udall filed an Anders type brief raising the following possible errors:

1. The consideration of a prior conviction in the trial court's decision as to the sentence;

2. That the sentence was excessive; and

3. Whether the defendant's plea was knowingly, voluntarily and intelligently entered.

Mr. Udall stated in his brief that some matters were contained therein which were based upon his personal knowledge and were not reflected in the formal court record. The record, including the brief, was sent to the defendant and the defendant was allowed time within which to present any matters which he deemed appropriate in support of his appeal. He did not in any way controvert the matters set forth in Mr. Udall's brief and under these circumstances we deem that Mr. Udall's brief has enlarged the record.

In addition to the aggravated battery charge, the information contained a statement of a prior United States District Court conviction of the offense of voluntary manslaughter. Mr. Udall and the defendant discussed the effect thereof in the matter of increasing the permissible penalty. A plea bargain was reached and

observed whereby the defendant entered a plea of guilty to the charge and the allegation of the prior conviction was withdrawn. The reporter's transcript of the preliminary hearing discloses that the defendant was well represented at the hearing and discloses a completely adequate basis for the charge.

■ The reporter's transcript of the sentencing procedure discloses a strenuous plea by Mr. Udall that the offense be considered as a misdemeanor or that the leniency authorized under the statutes relating to felony convictions be exercised. During the course of this proceeding the defendant admitted parole violations under the federal conviction. A trial court is permitted to consider a prior conviction in its decision as to the sentence to be imposed within the limits authorized by the statute even in the absence of an allegation setting forth that prior conviction. Ponds v. State, 7 Ariz.App. 276, 438 P.2d 423 (1968), and State v. Bridges, 12 Ariz.App. 153, 468 P.2d 604 (1970). Mr. Udall so advised the defendant in his conferences with the defendant before the entry of the plea.

In connection with the appeal Mr. Udall attached to the brief a copy of a letter which he had received from the defendant. We quote a portion thereof:

"I am writing this letter in reference to appealing my case, not the conviction, but the length of sentence. I feel that the sentence is unreasonable and does not uphold justice.

\* \* \* \* \* \*

"I feel that the crime does not warrant this long of a sentence and that it is unjust. I feel that the judge was prejudicial in the sentencing because of my past record. This is wrong. I have paid for my crime and have paid my debt to society. I therefore feel that this sentence is unjust and is against my constitutional rights, being that it was biased and unjust."

■ The sentence was within the statutory limits and under all of the circumstances we find no trial court abuse of dis-

cretion in considering the prior conviction or in the sentence imposed. State v. Gordon, 19 Ariz.App. 339, 507 P.2d 678 (decided 20 March 1973). The defendant does not question that his plea was freely, voluntarily and intelligently entered and we agree.

The minute entry adjudication of guilt complies with the rule set forth in State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962).

We have searched the record for fundamental error and have found none. The judgment of guilt and the sentence are,

Affirmed.

DONOFRIO, P. J., and OGG, J., concur.