583 P.2d 268

**Arturo L. PINTO, a married man, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF COCHISE, DIVISION III, and the Honorable Richard J. RILEY, Judge thereof, and the State of Arizona, Real Party in Interest, Respondents.**

No. 2 CA–CIV 2964.

Court of Appeals of Arizona, Division 2.

July 14, 1978.

William J. Redondo, Tucson, for petitioner.

Beverly H. Jenney, Cochise County Atty. by Mark E. Battaglia and Patrick M. Elliston, Deputy County Attys., Bisbee, for respondents.

OPINION

HOWARD, Judge.

Petitioner brings this special action to challenge the imposition of a sentence imposed for driving while under the influence of intoxicating liquor in violation of A.R.S. Sec. 28–692. Because we believe the point raised merits our attention, we assume jurisdiction and grant relief.

Petitioner was charged with a violation of A.R.S. Sec. 28–692, along with leaving the scene of an accident in violation of A.R.S. Sec. 28–664 and driving a vehicle without a driver's license in violation of A.R.S. Sec. 28–411. There were no prior convictions alleged in the complaint filed by the state. A plea agreement was entered into wherein petitioner pled guilty to the driving under the influence count and the driving without a license count with the understanding that there was no plea as to any prior conviction for violating A.R.S. Sec. 28–692. At the time set for sentencing it came to the trial court's attention that there was a prior drunk driving conviction within the last twenty-four months. The trial court felt that it was compelled to sentence petitioner as a prior offender even though no prior had been alleged. Therefore, the trial court sentenced petitioner to incarceration for a period of 60 days and fined him the sum of $366 pursuant to

A.R.S. Sec. 28–692.01(B), the statutory provision applicable to prior offenders which reads:

"When a person convicted of a violation of § 28–692 has been previously convicted of a violation of either § 13–456, subsection A, paragraph 3, 28–708, or 28–693 within a period of twenty-four months such person shall be punished by imprisonment for not less than twenty days nor more than six months, and, in the discretion of the court, by a fine of not less than one hundred fifty nor more than three hundred dollars. When a person is convicted of a second or subsequent violation of § 28–692 within a period of twenty-four months, such person shall be punished by imprisonment for not less than sixty days nor more than six months, and, in the discretion of the court, by a fine of three hundred dollars. . . ."

Although the statute does not expressly require that a prior conviction of A.R.S. Sec. 28–692 be alleged and proven, Rule 19.1(b)(2), Arizona Rules of Criminal Procedure, sets forth the procedure for proving a prior conviction. While it is clear that an unalleged and unproven conviction can be considered by a trial court in fixing the sentence for the offense charged, *State v. Bridges*, 12 Ariz.App. 153, 468 P.2d 604 (1970), there is no authority in Arizona for the court to sentence the defendant under a separate statute for prior offenders where a prior offense has not been alleged. In *People v. Ratner*, 67 Cal.App.2d 902, 153 P.2d 790 (1944), the California court addressed this problem, stating:

"We find that by the great weight of authority the rule is established that where it is desired to charge the defendant with an offense which is punishable more severely because of a prior conviction, the fact of the prior conviction is an essential element of the pleading by which the offense is charged." 153 P.2d at 790–791.

The court quoted with approval from *Massey v. United States*, 281 F. 293 (8th Cir. 1922):

"Statutes providing for greater punishment of second or subsequent offenses by the same person have long been in force in this country and in England [citation omitted] and are to be found in the legislation of nearly every state in the Union. It is the established rule, under such statutes, unless the statute designates a different mode of procedure, that, if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenders, the indictment or information must allege the fact of the prior conviction, and the allegation of such conviction must be proved in the trial to the jury." 153 P.2d at 791.

More recently, the Oregon Court of Appeals decided that a prior conviction is regarded as part of the indictment which must be established when an enhanced penalty is sought for the crime charged. *State v. Allen*, 30 Or.App. 275, 567 P.2d 552 (1977). It has been held that a statute providing that an indictment need not allege any prior offense so long as the evidence establishes the fact is violative of the defendant's constitutional right to due process of law. *Frost v. State*, 205 Tenn. 671, 330 S.W.2d 303 (1959). In *State v. Anders*, 1 Ariz.App. 181, 400 P.2d 852 (1965), Division One of this court held that a trial court could not impose enhanced punishment where the prior felony conviction alleged for enhancement had been ordered stricken from the information in the pretrial hearing. All the requirements of due process in criminal cases are to be afforded in cases under Sec. 28–692.01(B). *Campbell v. Superior Court, in and for the County of Maricopa*, 111 Ariz. 71, 523 P.2d 502 (1974).

It is elementary that one of the requirements of due process is that a defendant be informed by indictment or information as to the charge he faces. To construe Sec. 28–692.01(B) as allowing the imposition of an enhanced sentence without notice to the defendant that he is subject to enhancement is violative of his due process rights and therefore we cannot read the statute in that manner.

Since we believe the trial court acted in excess of its jurisdiction, we order that the sentence imposed on petitioner be vacated and the trial court is directed to sentence petitioner pursuant to A.R.S. Sec. 28–692.-01(A) in conformance with this opinion.

Relief granted.

RICHMOND, C. J., and HATHAWAY, J., concurring.