714 P.2d 468

**STATE of Arizona, Appellee,**

v.

**Miguel ESCALANTE, Appellant.**

**No. 1 CA–CR 8743.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 23, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Miranda & Miranda, P.A. by Jesse R. Miranda, Phoenix, for appellant.

## OPINION

GREER, Presiding Judge.

The central issue presented for our determination is whether A.R.S. § 13-3406(B)(2) effectively eliminates probation as a sentencing alternative if the defendant has been convicted of a prior felony offense even though the prior offense has not been alleged by the state. We hold that probation is available under the statute unless a prior offense has been alleged by the state, and dispose of the remaining issues raised by appellant accordingly.

## I. FACTS

In a three-count indictment filed August 14, 1984, appellant was charged with the possession of marijuana for sale (a class four felony), possession of a narcotic drug for sale over $250 (a class two felony) and theft (a class three felony). Pursuant to a plea agreement entered into and accepted by the trial court on October 22, 1984, the state agreed to dismiss Counts I and III in exchange for appellant's guilty plea to Count II, the charge of possessing a narcotic drug for sale, a class two felony, as amended.[1] The state amended Count II by failing to allege a value of over $250. A complete understanding of the effect of this concession by the state as well as the other terms of the plea bargain requires a close examination of A.R.S. § 13-3406(B)(2). That section provides that a person who knowingly possesses a narcotic drug for sale:

... is guilty of a class 2 felony and is not eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis until such person has served not less than two-thirds of the sentence imposed by the court but in any event not less than five years ... Any person convicted of a violation of such offense involving an amount of one or more drugs having a value of not more than two hundred fifty dollars and who was not previously convicted of any felony is eligible for supervised probation and upon sentence to probation shall be committed to the department of corrections for not less than thirty nor more than sixty days.

The plea agreement conformed precisely to the minimum sentence prescribed by the statute and provided that no prior convictions would be alleged.

By dropping the allegation of a value exceeding $250 and failing to allege a prior, it is clear that the state and appellant intended to leave open the possibility of probation at sentencing. The plea agreement indicates that appellant represented to the state that he had no prior felony convictions and it is apparent from the record that when the plea was accepted by the trial court, both the state and the court believed appellant was in fact eligible for probation.

At the mitigation hearing held January 11, 1985, the court noted that it had reviewed a criminal file of appellant containing records of a prior felony conviction. Specifically, the file indicated that the appellant had pled guilty to the sale of marijuana, a class four felony and had successfully completed two years of probation for the offense. The court did not discuss on the record the implications of the prior felony upon the terms of the plea agreement.

In response to defense counsel's request, made immediately prior to sentencing, that

1. A.R.S. §§ 13-3406, -3401, -701, -702 and 801.

the court consider probation, the court stated:

> There is just nothing lower in my opinion than a person who deals in drugs. I just—they are just—there is something that you calculatedly, thinking it out, get it all set up and then you get people in and buy this stuff. It does such terrible things to their bodies. If you've done it because of something you had to have or supply your own needs, that would be a little more excusable, but you don't even use the stuff and then to sell it to others. It's pretty low in my opinion. I don't know whether you ever thought that out, Mr. Escalante. I know it's good money and you take a big risk. You make a lot of money when you sell if you don't get caught. I just cannot believe that this is the only time it ever happened. I just don't believe that.... I know you must be a wonderful family man. I know you're wonderful in your kids' life. Your wife loves you. Your mother loves you. What you're doing to other people is just, I think, a terrible thing, selling narcotics to other persons. I wish that the law let me have a little more discretion, but I think you should have thought this out before you decided you'd like a lot of money selling marijuana and cocaine to people.

Appellant, assisted by newly-retained defense counsel, has appealed from the trial court's imposition of the minimum statutory term of five and one-quarter (5.25) years.[2]

...

...

**2.** Possible sentences for this class two felony range from five and one-quarter years to fourteen years, with seven years as the presumptive term. A.R.S. §§ 13–701, –702. The court cited as a mitigating circumstance the fact that appellant successfully completed the two-year probationary period previously imposed and was a family man with a wife and children.

**3.** A.R.S. § 36–1002.01 (repealed 1978) provided in relevant part:

> *Possession of narcotic drugs for sale; penalty; probation or suspension of sentence prohibited.*

## II. ANALYSIS

Appellant argues that the court was without authority to grant probation under A.R.S. § 13–3406(B)(2) because he previously had been convicted of a felony. Essentially, appellant reasons that the statute deprived the court of the discretion to impose probation despite the terms of the plea agreement and regardless of the fact that the state did not allege a prior conviction. Based on this construction of the statute, appellant urges us to reverse his conviction because

1) former defense counsel's failure to request withdrawal from the plea agreement upon discovery of the prior felony constituted ineffective assistance of counsel; and

2) the trial court erred in failing to grant appellant the opportunity to withdraw from the plea because the plea, induced in part by the possibility of probation, was not entered knowingly and voluntarily.

▪ We disagree with appellant's initial premise, and hold that a trial court is not deprived of the ability to impose probation under A.R.S. § 13–3406(B)(2) unless the prior conviction has been alleged by the state.

We begin by noting that the predecessor to the statute at issue in this case expressly required that the prior conviction be "charged in the indictment or information."[3] Such provisions are common in sentence-enhancing statutes and have been enforced by our courts. *See, e.g.,* A.R.S. § 13–604(K) (providing for imposition of an enhanced sentence for dangerous and re-

....

> B. If such person has been previously once convicted of any felony offense described in this article ... the previous conviction shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be [subject to an enhanced sentence].

petitive offenders if the prior offense, dangerousness, or release status is "charged in the indictment or information and admitted or found by the trier of fact" or if such an allegation is allowed by the court "at anytime prior to the date the case is actually tried"); *State v. Cruz*, 27 Ariz.App. 44, 550 P.2d 1086 (1976) (enhanced sentence imposed under since-repealed A.R.S. § 36–1002(B) required that prior conviction be set forth in the charging document).

■ The right of a defendant to notice that a prior conviction will be alleged in order to enhance a sentence does not, however, depend solely upon the existence of a statutory provision. A defendant is entitled as a matter of constitutional due process to know the extent of the potential punishment he faces before he can be said to have intelligently elected to plead guilty to a criminal charge. We find support for this proposition in two recent Arizona cases.

In *State v. Waggoner*, 144 Ariz. 237, 697 P.2d 320 (1985) our supreme court held that a defendant must receive notice before trial commences that the state intends to allege his release status in order to validly enhance punishment pursuant to A.R.S. § 13–604.02.[4] Basing its decision on considerations of "due process and orderly procedure" rather than upon any express statutory language, the court held that a defendant "must know the extent of potential punishment he faces before he can ever decide whether to enter a guilty plea to the charge." 144 Ariz. at 238–39, 697 P.2d at 321–22.

We find further support for our position in a decision of Division 2 of this court, *Pinto v. Superior Court*, 119 Ariz. 612, 583 P.2d 268 (App.1978). In that case, the trial court sentenced the petitioner as a prior offender under the since-amended A.R.S. § 28–692.01 (prohibiting driving while intoxicated) despite the fact that no prior conviction had been alleged by the prosecution. On appeal, the court held that although the statute did not expressly require that a prior conviction of that section be alleged, the trial court acted in excess of its jurisdiction in imposing enhanced penalties absent the allegation of a prior. The court based its decision on the constitutional due process right of a defendant to be informed by indictment or information of the charges against him. 119 Ariz. at 613, 538 P.2d at 269.

■ We think due process considerations similarly require that a prior conviction be alleged by the state before probation is excluded as a sentencing option under § 13–3406(B)(2). Appellant is entitled to notice of the range of sentences to which he may be subjected if he enters a plea of guilt. We do not think our analysis is in any way inconsistent with the provisions of A.R.S. § 13–702(C) and (D)(11), which permit the trial court to consider a prior conviction as an aggravating circumstance whether or not the prior conviction is alleged by the state.[5] Obviously, there is no notice problem in this situation because the defendant is fully aware of the possible range of sentencing alternatives before entering his plea. Under our Rules of Criminal Procedure, the state and the defendant may bargain both as to the plea of guilty and as to the sentence to be imposed. *State v. Superior Court*, 125 Ariz. 575, 611 P.2d 928 (1980), *appeal after remand*, *State v. Williams*, 131 Ariz. 411, 641 P.2d 899 (1980). Once a trial court accepts the plea agreement it has no authority without the consent of the defendant to render sen-

---

**4.** Formerly A.R.S. § 13–604.01; renumbered as § 13–604.02 by Laws 1985, Ch. 364 § 5.

**5.** *See State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980), holding that the only prerequisite to the imposition of an aggravated sentence is compliance with § 13–702(C), requiring that the trial court set forth in the record factual findings and reasons in support of a sentence above or below the presumptive term. Older Arizona case law similarly holds that a prior conviction, if valid, can be considered by the trial judge in fixing the terms of the sentence within the statutory limits of the offense, even though the prior offense has not been alleged or proven. *See State v. Jackson*, 19 Ariz.App. 475, 508 P.2d 362 (1973); *State v. Bridges*, 12 Ariz.App. 153, 468 P.2d 604 (1970); *Ponds v. State ex rel. Eyman*, 7 Ariz.App. 276, 438 P.2d 423 (1968).

tence contrary to that agreement. *State v. Pyeatt*, 135 Ariz. 141, 659 P.2d 1286 (App. 1982).

■ Given that probation was available as a sentencing option under the plea agreement, the question becomes whether or not the trial court regarded it as such. We think the record demonstrates that the court intended, in light of the severity of the offenses charged, to impose a prison term regardless of the availability of probation. The presentence investigation report indicates that at the time the search warrant was executed, appellant had in his possession eleven pounds of marijuana, $13,819 in cash, one ounce of cocaine valued at $3,400 and valuable video equipment belonging to a local high school. Excerpts from the mitigation hearing transcript, set forth earlier in this opinion, indicate the court did not view the allegations as minor in nature. Furthermore, there is nothing in the record to indicate that the trial court believed that its awareness of the prior conviction in any way restricted its sentencing options pursuant to the plea agreement.

■ Based on our analysis, appellant's remaining allegations are easily resolved. The trial court was obviously not required to provide appellant the opportunity to withdraw from the plea agreement if the court felt probation was in fact available under the statute. Furthermore, appellant did not receive ineffective assistance of counsel. In order to reverse a conviction based on ineffectiveness of counsel, appellant must establish that defense counsel's action was unreasonable in that it fell below the threshold of what minimally competent counsel would do under the circumstances, and must show a reasonable probability that, but for counsel's unprofessional conduct, the outcome of the case would have been different. *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984). In light of the serious nature of the offenses charged and the fact that the trial court apparently regarded probation as a possible sentencing alternative, appellant cannot successfully argue that defense counsel's failure

to withdraw from the plea agreement rendered his assistance ineffective.

■ Finally, appellant argues that defense counsel's failure to interview witnesses or file a motion contesting the validity of the search warrant prior to advising appellant to enter into the plea agreement was unreasonable. However, it is impossible to ascertain from the record whether or not the unnamed witnesses were interviewed or what their testimony would be; furthermore, there is no evidence in the record indicating that issuance or execution of the search warrant was improper. Counsel is not required to make frivolous motions. *State v. Ring*, 131 Ariz. 374, 641 P.2d 862 (1982).

The judgment and sentence are affirmed.

BROOKS and HAIRE, JJ., concur.